UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff and Respondent,

              v.

CONNIE C. ARMSTRONG,

    Defendant and Movant.
_____/

No. CR 94-0276 PJH

**ORDER RE: TIMELINESS; DENYING MOTION FOR DISCOVERY**

    Movant Connie C. Armstrong is currently serving a sentence imposed by the Honorable Charles Legge.[1]  On May 11, 2009, Armstrong filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  On August 14, 2009, Armstrong filed a motion for discovery.  However, on September 10, 2009, the court stayed the case and suspended any deadlines until October 26, 2009, so that Armstrong could find new counsel after his prior counsel passed away.  At the time the court stayed the case, Armstrong's reply to his discovery motion was due September 18, 2009.  Additionally, the court had also ordered that Armstrong's reply to his § 2255 petition would be due thirty days after the court ruled on his motion for discovery.  Those deadlines were stayed by the order.

    Subsequently, on October 26, 2009, Armstrong filed a number of documents including a notice of appearance pro se and a pro se reply in support of his motion for discovery.  The latter filing completed the briefing on the motion for discovery.

    Thereafter, in a January 8, 2010 order, the court noted that based on its review of

---

[1]This case was reassigned to the undersigned judge on June 29, 2001.

the briefs filed to date, it appeared that Armstrong's § 2255 motion was untimely. The government had briefed the issue in its July 24, 2009 opposition, but noted that it needed additional documents in order to fully address the timeliness issue. *See* Oppos. at 7 & n. 3. The court stated that it preferred to resolve the timeliness issue prior to reaching the merits and/or Armstrong's discovery requests, and ordered the parties to file supplemental briefs addressing the timeliness of the petition.

The government now concedes that Armstrong's motion is timely based on the Ninth Circuit's April 22, 2008 order recalling its prior mandate, and its subsequent reissuance of mandate that day.[2] Based on the supplemental briefs and the court's review of the Ninth Circuit's docket and order, the court agrees that the petition is timely.

However, because the discovery that Armstrong seeks in his pending motion for discovery relates *only* to claims that have been procedurally defaulted, the court DENIES Armstrong's motion for discovery.

In its May 21, 2009 order to show cause, the court noted that Armstrong's 2255 petition, although filed by counsel, was "not entirely comprehensible." It appeared to the court that Armstrong raised two claims: (1) that his due process and fair trial rights were violated by alleged prosecutorial misconduct caused by undue political influence; and (2) that his due process and fair trial rights were violated by the trial court's failure to properly

---

[2] On April 15, 2002, the Ninth Circuit affirmed Armstrong's sentencing following a prior remand to the district court. Armstrong subsequently filed a petition for rehearing on May 29, 2002, which the court denied January 31, 2003. Mandate issued February 10, 2003. However, more than four years later, on June 7, 2007, Armstrong's original counsel in connection with his § 2255 petition before this court, Bill Boyd, sent the Ninth Circuit a letter advising the court that Armstrong had not received any notice from the court as to whether it had ruled on an April 26, 2002 motion for enlargement of time to file his petition for rehearing and/or whether it had ruled on his May 28, 2002 petition for rehearing. The Ninth Circuit subsequently sent Boyd a copy of the January 31, 2003 order denying Armstrong's petition for rehearing.

On August 2, 2007, Boyd again sent a letter to the Ninth Circuit asserting that Armstrong was not provided with the order previously or the notice required pursuant to Federal Rule of Appellate Procedure 36. On April 22, 2008, the Ninth Circuit construed the letter as a motion to recall the mandate, which it granted. It recalled the mandate and withdrew the January 31, 2003 order. The court then denied the petition for rehearing, and mandate issued that same day, April 22, 2008.

instruct the jury.

However, as the government notes in its July 24, 2009 opposition, Armstrong's petition actually appears to raise three issues: (1) that his due process rights were violated because the government prosecuted him only because it was unduly pressured to do so; (2) that the government failed to disclose certain audiotapes; and (3) that the trial court erred by denying a defense request for a theory of the case jury instruction that certain assets were not held in trust for Armstrong's clients but instead were assets of Armstrong's company that were available for his investment and use.

The third issue was clearly raised before the Ninth Circuit on appeal, and is therefore cognizable in the instant petition. However, the court has reviewed the Ninth Circuit's orders and the briefs on appeal, and concludes that neither the first nor the second issues were raised before the Ninth Circuit on direct appeal.[3] *See* April 26, 2010 Sprague Decl., Exh. A, C, and E. In his petition before this court, Armstrong specifically contends that "his prosecution and subsequent conviction were unconstitutional due to prosecutorial misconduct caused by political influence which caused the Petitioner to be deprived of his right to a fair trial, his ability to mount a defense to the charges against him, and his right to effective assistance of counsel." May 11, 2009 Amended Motion at 4. No such issue was raised on appeal; nor did the Ninth Circuit address the issue in any of its orders. *See* April 26, 2010 Sprague Decl., Exh. A, C, and E.

The general rule is "that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Thus, a section 2255 movant raising a claim for the first time in post-conviction proceedings is in procedural default, and is precluded from asserting the claim. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (finding default where

---

[3] In its July 24, 2009 brief in opposition to Armstrong's petition, the government recognizes that Armstrong did not raise the second issue on appeal and is therefore barred from raising the issue before this court. Given that that appears to be the case with the first issue as well, the court is uncertain as to why the government addressed that claim on the merits.

3

petitioner challenging his guilty plea did not raise claim in direct appeal); *United States v. Frady*, 456 U.S. 152, 165 (1982) (noting that a motion to vacate or modify a sentence under 28 U.S.C. § 2255 cannot be used as a substitute for a direct appeal).  Because Armstrong did not raise either the first or the second claim on direct appeal, they are procedurally defaulted, and discovery is not warranted under Rule 6 of the Section 2255 Rules.  *See Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997).

Armstrong's reply to his § 2255 petition is due **thirty days** from the date of this order.

**IT IS SO ORDERED.**

Dated: April 28, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge