UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff and Respondent,            No. CR 94-0276 PJH

           v.                                **ORDER TO SHOW CAUSE**

CONNIE C. ARMSTRONG,

    Defendant and Movant.

_____/

       Movant Connie C. Armstrong is currently serving a sentence imposed by the Honorable Charles Legge.[1] On May 11, 2009, Armstrong filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.

       The length and complicated history of this litigation is summarized as follows. On August 14, 2009, Armstrong filed a motion for discovery in connection with his § 2255 motion. However, on September 10, 2009, the court stayed the case and suspended any deadlines until October 26, 2009, so that Armstrong could find new counsel after his prior counsel passed away. At the time the court stayed the case, Armstrong's reply to his discovery motion was due September 18, 2009. Additionally, the court had also ordered that Armstrong's reply to his § 2255 petition would be due thirty days after the court ruled on his motion for discovery. Those deadlines were stayed by the order.

       Subsequently, on October 26, 2009, Armstrong filed a number of documents including a notice of appearance pro se and a pro se reply in support of his motion for discovery. The latter filing completed the briefing on the motion for discovery.

---

[1] This case was reassigned to the undersigned judge on June 29, 2001.

Thereafter, in a January 8, 2010 order, the court noted that based on its review of the briefs filed to date, it appeared that Armstrong's § 2255 motion was untimely. The government had briefed the issue in its July 24, 2009 opposition, but noted that it needed additional documents in order to fully address the timeliness issue. *See* Oppos. at 7 & n. 3. The court stated that it preferred to resolve the timeliness issue prior to reaching the merits and/or Armstrong's discovery requests, and ordered the parties to file supplemental briefs addressing the timeliness of the petition.

In subsequent briefing, however, the government conceded that Armstrong's motion was timely based on the Ninth Circuit's April 22, 2008 order recalling its prior mandate, and its subsequent reissuance of mandate that day.[2]

In its April 28, 2010 order, based on the supplemental briefs and the court's review of the Ninth Circuit's docket and order, the court agreed that the petition was timely. In that same order, the court denied Armstrong's motion for discovery, noting that the two claims for which he sought discovery appeared to have been procedurally defaulted. The court noted that there was only one cognizable claim that had not been procedurally defaulted raised by Armstrong: that the trial court erred by denying a defense request for a theory of the case jury instruction that certain assets were not held in trust for Armstrong's clients but instead were assets of Armstrong's company that were available for his investment and

---

[2] On April 15, 2002, the Ninth Circuit affirmed Armstrong's sentencing following a prior remand to the district court. Armstrong subsequently filed a petition for rehearing on May 29, 2002, which the court denied January 31, 2003. Mandate issued February 10, 2003. However, more than four years later, on June 7, 2007, Armstrong's original counsel in connection with his § 2255 petition before this court, Bill Boyd, sent the Ninth Circuit a letter advising the court that Armstrong had not received any notice from the court as to whether it had ruled on an April 26, 2002 motion for enlargement of time to file his petition for rehearing and/or whether it had ruled on his May 28, 2002 petition for rehearing. The Ninth Circuit subsequently sent Boyd a copy of the January 31, 2003 order denying Armstrong's petition for rehearing.

On August 2, 2007, Boyd again sent a letter to the Ninth Circuit asserting that Armstrong was not provided with the order previously or the notice required pursuant to Federal Rule of Appellate Procedure 36. On April 22, 2008, the Ninth Circuit construed the letter as a motion to recall the mandate, which it granted. It recalled the mandate and withdrew the January 31, 2003 order. The court then denied the petition for rehearing, and mandate issued that same day, April 22, 2008.

2

1 use. The court noted that this issue had been raised before and denied by the Ninth Circuit
2 on appeal, and therefore had not been defaulted.

3     The court ordered Armstrong to file his reply to his § 2255 motion by May 28, 2010.
4 Armstrong thereafter filed his reply on June 1, 2010.

5     The court has since received notice that Armstrong successfully completed his term
6 of supervised release on January 2, 2011. Given the fact that Armstrong filed the § 2255
7 motion while he was still on supervised release and "in custody," his subsequent
8 completion of supervised release does not deprive the court of jurisdiction. *See Tyars v.*
9 *Finner*, 709 F.2d 1274, 1279 (9th Cir. 1983). However, because the sentence imposed for
10 conviction has completely expired with Armstrong's completion of his supervised release, it
11 appears to the court that the § 2255 motion, and claim raised therein, may be moot,
12 especially given the United States Supreme Court's suggestion that once a sentence
13 imposed for a conviction has completely expired, the collateral consequences of that
14 conviction are not themselves sufficient to render an individual "in custody" for purposes of
15 a habeas attack upon it. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989).

16     Accordingly, the parties are ORDERED to address whether Armstrong's successful
17 completion of supervised release has rendered the § 2255 motion moot. Armstrong is
18 ORDERED to respond within **fourteen days** of the date of this order. The government is
19 ORDERED to file its response **seven days** after Armstrong files his response.

20     **IT IS SO ORDERED.**

21 Dated: June 30, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge